**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE MAXINE WEBB | No. C 06-0082 SBA |
| MAXINE WEBB, | **ORDER** |
|     Appellant, | [Docket No. 46] |
| v. | |
| WILLIAM T. NEARY, TRUSTEE, *et al.*, | |
|     Appellees. | |

Before the Court is *pro se* appellant Maxine Webb's application to proceed *in forma pauperis* on appeal [Docket No. 46]. For the reasons that follow, the Court DENIES the motion.

**BACKGROUND**

On January 9, 2006, Webb filed a notice of appeal *pro se* of the bankruptcy court's ruling, and later filed an IFP application on July 21, 2006.

The Court denied Webb's IFP application, noting that Webb had already paid the filing fee for the appeal in the Bankruptcy Court, and had also made payment arrangments for the transcripts of the bankruptcy proceeding. The Court further noted that Webb had not demonstrated an inability to pay the requisite fees and costs.

On March 30, 2007, this Court affirmed the ruling of the bankruptcy court. Webb filed a notice of appeal of this Court's decision on May 31, 2007.

**LEGAL STANDARDS**

Federal courts may authorize the maintenance of an action without prepayment of fees and costs if a person shows, by affidavit, that "the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). The supporting affidavit must state the facts of the affiant's poverty with "some

**United States District Court**
For the Northern District of California

particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citation omitted). The statute also authorizes the courts to dismiss an IFP action if: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). However, the court should exercise leniency when construing *pro se* IFP applications. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam).

A party to a district court action who desires to appeal IFP must first file a motion with the district court, adhering to the filing requirements of § 1915(a). FED. R. APP. P. 24(a)(1). Additionally, the party must also show an entitlement to redress and a statement of issues to be presented on appeal. *Id.* If the court finds that the appeal is frivolous, it has the power to deny leave to proceed IFP. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

If the district court denies the motion to proceed on appeal IFP, the party may subsequently file a motion to proceed on appeal IFP in the court of appeals. FED. R. APP. P. 24(a)(5).

**ANALYSIS**

Neither Webb's application for IFP status, nor her notice of appeal state the issues she intends to appeal as required by Federal Rule of Appellate Procedure 24.

Additionally, Webb's affidavit does not state the facts of her poverty with particularity, nor with definiteness and certainty. Ten months ago, Webb filed a prior IFP application. Her current IFP application has a number of unexplained inconsistencies. In her July 2006 IFP application, she had been employed and earning a net income of $3,200 per month. However, in her present IFP application, she states that she is no longer employed, and that in her last employment, she only earned $30 per hour on a part-time basis. Her home was worth $600,000 in July 2006, but is now worth $400,000. She currently supports two dependents, whereas in July 2006 she was only supporting one dependent.

Even if these inconsistencies are overlooked, Webb still fails to show in detail her inability to pay the requisite fees and costs. She states that she receives weekly disability payments of $391, but also includes an additional $700 without explaining the frequency of that payment. She does not indicate how

2

much she contributes to the support of her two dependents. Furthermore, she still owns a home, albeit now worth approximately $400,000, and a 2005 vehicle. Due to the limited information Webb provides in her affidavit, the Court is not able to find that she may proceed IFP.

**CONCLUSION**

Accordingly, Maxine Webb's Application to Proceed In Forma Pauperis on Appeal [Docket No. 46] is DENIED without prejudice. If Webb still wishes to pursue her appeal *in forma pauperis*, she may file a motion <u>with the appellate court</u> within thirty days of service of this order.

IT IS SO ORDERED.

June 13, 2007

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. NEARY, | Case Number: CV06-00082 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MAXINE WEBB et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 14, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

U.S. Bankruptcy Court, Northern District of CA
Clerk's Office
1300 Clay Street
#300
Oakland, CA 94612

Leslie Tchaikovsky
U.S. Bankruptcy Court
Northern District of California
1300 Clay St. #300
P.O. Box 2070
Oakland, CA 94604

Lois I. Brady
Chapter 7 Trustee
P.O. Box 12754
Oakland, CA 94604

Martha Bronitsky

4

**United States District Court**
For the Northern District of California

1  Chapter 13 Trustee
   244301 Southland Drive
2  #200
   Hayward, CA 94545-0541
3
   Maxine Webb
4  1723 Trebbiano Street
   Tulare, CA 93424
5

6  Dated: June 14, 2007

7                                                   Richard W. Wieking, Clerk
                                                    By: LISA R CLARK, Deputy Clerk

5